UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1114 HEA |
| ) | |
| GAIL SZYMULA, DONALD SZYMULA, ) | |
| PINE CEDERS, INC., BP PRODUCTS ) | |
| NORTH AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion for Summary Judgment, [Doc. No. 19]. Defendants Gail Szymula, Donald Szymula and BP Products North America, Inc. have filed oppositions to the motion. Defendant Pine Ceders, Inc.. has not filed a response. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff filed this declaratory judgment action seeking a determination that it has no duty to defend nor indemnify defendants Pine Ceders, Inc. (Pine Ceders) or BP Products, Inc. (BP) in a lawsuit filed in the Circuit Court for the City of St. Louis, Missouri by defendants Gail and Donald Szymula (Szymula) styled, <u>Gail Szymula & Donald Szymula v. Pine Ceders, Inc & BP Products North America, Inc.</u>, Cause Number 042-08611.

Plaintiff insured Pine Ceders under a liability policy, number 2CE4880, with effective dates of June 4, 2002 to June 5, 2003. This policy contains an exclusion providing:

This insurance does not apply to:

> **a. Expected or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting form the use of reasonable force to protect person or property.[1]

The policy also contains an assault and battery exclusion in Endorsement M/E-024 (9/00).

> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting form the use of reasonable force to protect persons or property. The sentence "this exclusion does not apply to "bodily injury" resulting form the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.

Paragraph 10 of the combination general endorsement to the policy provides:

"Duty to Defend: Where there is no coverage under this policy, there is no duty to

---

[1] This sentence is deleted by operation of Endorsement M/E-024 (9/00).

defend."

Paragraph b (2) of Section I provides for coverage for liability assumed in a contract or agreement that is an "insured contract." Subsection (2)(b) provides that the defense of parties to an assumed contracts is applicable to suits "to which this insurance applies are alleged. Section V (9) defines an "insured contract" as including a contract for a lease of premises and any other contract where the insured assumes tort liability of another.

In the state court action, the Szymulas allege, *inter alia*, that on June 3, 2003, Gail Szymula was robbed, assaulted and attacked at the BP gas station located at 4700 Bircher Boulevard, St. Louis, Missouri, which was operated by Pine Ceders as a BP franchisee. The Petition further alleges that Pine Ceders was negligent and that Pine Ceders' negligence directly and proximately caused Gail's injuries which arose from the alleged robbery.

BP and Youssef Mroueh entered into a Commission Marketer Agreement and Lease Agreement in connection with the operation of the facility located at 4700 Bircher. These agreements were simultaneously assigned to Pine Ceders. The agreements provide that Pine Ceders is required to indemnify BP for all costs and expenses, including damages, attorney's fees and expenses, cause by any negligence of Pine Ceders. BP claims that the injuries alleged by Szymula arise out of

negligence on the part of Pine Ceders, and therefore would fall within the provisions of these agreements. Further, BP claims that the agreements fall within the provisions of plaintiff's policy. BP has filed a Counter-claim against plaintiff for breach of the insurance contract in failing to defend in the underlying suit and for a declaration that plaintiff is obligated to defend and indemnify it under the policy.

## **Summary Judgment Standard**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ⋯ the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate when there exists no genuine issue as to any material fact. *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003).

## **Discussion**

The Court applies Missouri substantive law in this diversity case. *Freeman v. State Farm Mut. Auto. Ins. Co.,* 436 F.3d 1033, 1034-35 (8th Cir.2006). In interpreting an insurance contract, courts "read the contract as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written." *Mo. Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo.App. 2004). Language used in an insurance contract is given its plain and ordinary meaning. *Id.; Farmland Indus. Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo. 1997). (en banc). Plain or ordinary meaning is the meaning that the average layperson would understand, as determined by consulting standard English language dictionaries. *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo.App.1999).

> *Unambiguous insurance contract terms* are given their plain meaning and enforced as written, while ambiguous terms are construed against the insurer. *Rice v. Fire Ins. Exch.,* 946 S.W.2d 40, 42 (Mo.Ct.App.1997). Determination of whether insurance contract *language* is ambiguous is a question of law. *Id.* A term is ambiguous if it is subject to "duplicity, indistinctness or uncertainty." *Mo. Employers Mut. Ins. Co. v. Nichols,* 149 S.W.3d 617, 625 (Mo.App.Ct.2004). Mere disagreement by the parties regarding a *contract term's* interpretation does not render the term ambiguous. *Id.* "A court may not create an ambiguity in order to distort the language of an unambiguous policy, or in order to enforce a particular construction which it might feel is more appropriate." *Rice,* 946 S.W.2d at 44.

*Lindsay v. Safeco Ins. Co. of America,* 447 F.3d 615, 617 (8th Cir. 2006).(Emphasis added)

> A court is not allowed to create an ambiguity to distort the *language of an unambiguous insurance policy*. *Goza,* 972 S.W.2d at 374. However, where *provisions* are ambiguous, they are construed against the insurer. *Id.* Ambiguities arise when there is duplicity, indistinctness, or uncertainty in *the meaning of words used in the insurance contract. Id. Language is ambiguous if it is reasonably open to different constructions. Id.* Ambiguous language is viewed in the meaning that would ordinarily be understood by the layperson that bought and paid for the policy. *Id.*

*American Family Mut. Ins. Co. v. Ragsdale,* 2006 WL 1888698, at *3 (Mo.App. 2006).(Emphasis added).

Plaintiff argues that it owes no duty to defend and/or indemnify Pine Ceders or BP because of the policy exclusions. The Court agrees. The plain and ordinary meaning of the language contained in the policy exclusions clearly encompasses the

injuries alleged in the underlying suit. Both the exclusion of "intended injuries" and of "assault and battery" fall within these exclusion. The injuries allegedly sustained by Gail Szymula are clearly, intended from the standpoint of the insured, and are further specifically excluded in that they arose from the "robbery, assault and attack" of Gail Szymula. No ambiguity exists in the language of the policy as to what types of claims are excluded. See, *Essex Insurance Company v. Cowboys 2000*, Case No. 99-3362-CV-S-4-ECF (W.D. Mo 2001)(interpreting virtually identical policy provisions and finding no ambiguity).

Defendants BP and the Szymulas do not attempt to argue that the policy *language* is ambiguous, as is required in order to find in favor of defendants. Rather, they strain to create ambiguities through arguing that they are confused regarding the numbering of the endorsements, and as to whether the plaintiff has presented the entire insurance policy. They argue that "it is possible" that the exclusionary language "is not really the language the policy was sold to the insured with." The speculation of this statement aside, each of the endorsements and exclusions upon which plaintiff relies contain the statement that they are "attached to and form[] a part of policy number 2CE4880, the policy at issue. Because these exclusions are clearly a part of Policy 2CE4880, defendants' attempt to create ambiguities where none exist fails to set forth specific facts showing that a genuine

issue of material fact exists. Fed.R.Civ.P. 56(e). Defendants have failed to substantiate their allegations with sufficient probative evidence that would permit a finding in their favor based on more than mere speculation, conjecture, or fantasy. *Wilson*, 62 F.3d at 241; *Putman* 348 F.3d at 733-34.

## **Conclusion**

Because the policy specifically excludes the injuries alleged in the underlying complaint, there is no duty to defend and/or indemnify Pine Ceders. Likewise, because there is no coverage under the policy, the question of whether the agreements entered into between BP and Youssef Mroueh, simultaneously assigned to Pine Ceders, give rise to a duty to defend BP is moot. Under the policy, if there is no coverage, there is no duty to defend BP as a party under an "insured contract."

Plaintiff is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure on its Complaint and on BP's Counter-claim. Plaintiff owes no duty to defend and/or indemnify Pine Ceders or BP in the underlying state court action brought by the Szymulas against Pine Ceders and BP.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, [Doc. No. 19] is granted.

A separate judgment in accordance with this Memorandum and Order is

entered this same date.

Dated this 18th day of July, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE